275 So.2d 234 (1973)
Ernest G. THOMPSON, Petitioner,
v.
James H. DILLEY, Clerk, Circuit Court, Glades County Courthouse, Moore Haven, Florida, Respondent.
No. 42669.
Supreme Court of Florida.
March 28, 1973.
Ernest G. Thompson, in pro. per.
Robert L. Shevin, Atty. Gen. and Charles Corces, Jr., Asst. Atty. Gen., for respondent.

ON MOTION TO DISMISS
DEKLE, Justice.
This cause arrives here on proceedings in propria persona designated "petition for writ of certiorari", seeking review of actions of "the Clerk of the Glades County Circuit Court," made the respondent herein, involving matters pertaining to efforts of petitioner for an appeal from a criminal conviction entered against him. By motion respondent seeks to dismiss the certiorari petition for lack of jurisdiction.
Of course the clerk's administrative actions as reflected principally in letters contained in the record before us constitute no basis for review on certiorari; however, under the new provision in Fla. Const. art. V, § 2(a) (1973), F.S.A., that: "no cause shall be dismissed because an improper remedy has been sought", we must consider the petition  no matter its label or the remedy sought  if it has merit and if we have jurisdiction upon any proper basis. This petition has merit by way of habeas corpus. We accordingly treated the petition as one for habeas corpus and issued the Great Writ.
Upon inquiry we learn that no appeal was taken from petitioner's criminal conviction, despite petitioner's expressed desire to take an appeal at a time when he was represented by the public defender. *235 State Action has therefore frustrated petitioner's constitutional right to appeal.[1]
Respondent has filed a response asking us to discharge the writ of habeas corpus. Such response is insufficient and therefore is without merit.
Petitioner was represented by private counsel in his jury trial in the Glades County Circuit Court. Following a jury verdict finding him guilty, his privately retained counsel withdrew and upon a showing of insolvency the court then appointed the public defender as counsel of record. Thereafter, the court adjudged petitioner guilty and sentenced him to life imprisonment, whereupon the public defender on behalf of petitioner moved for a new trial, which was denied, but then failed to comply with petitioner's expressed desire for an appeal.[2]
In view of the record and these circumstances we must conclude that court-appointed counsel failed to prosecute a requested appeal from petitioner's conviction. This of course constituted state action which frustrated petitioner's constitutional right of appeal. We have held in Baggett v. Wainwright, 229 So.2d 239 (Fla. 1970), and numerous subsequent decisions that under these circumstances an appeal must be afforded.
This cause is accordingly hereby transferred to the Second District Court of Appeal with directions that appeal counsel be appointed and transcript of record be duly furnished such counsel for purposes of such appeal[3] which shall forthwith proceed in accordance with applicable appellate procedures under the Rules.
It is so ordered.
ROBERTS, Acting C.J., and ERVIN, ADKINS and McCAIN, JJ., concur.
NOTES
[1] Baggett v. Wainwright, 229 So.2d 239 (Fla. 1970); Powe v. State, 216 So.2d 446 (Fla. 1968); State ex rel. Ervin v. Smith, 160 So.2d 518 (Fla. 1964).
[2] The public defender's letter in the record, that he had taken an appeal, is in error according to the letters of the clerks of both the circuit and district courts stating that no appeal has been taken.
[3] By circuit court order of Sept. 24, 1971, the court reporter was ordered to transcribe the trial proceedings and on Nov. 29, 1971, such transcript in two volumes of 272 pages was delivered to Assistant Public Defender Maynard W. Schryver who was then court appointed attorney for petitioner.