SPECTOR, Acting Chief Judge.
Petitioner seeks a belated appellate review of his judgment of conviction and sentence entered pursuant to his plea of guilty to assault with intent to commit murder. The relief is sought pursuant to Hollingshead v. Wainwright, 194 So.2d 577 (Fla.1967), and like cases which provide for belated full appellate review when it appears that a person’s desire to appeal a conviction was frustrated by state action.
The petitioner in the case at bar does not allege that his desire to appeal was communicated to his counsel or any other state functionary. In absence of a request that a conviction be appealed, counsel is under no obligation to pursue appellate remedies. Indeed, it is doubtful that counsel is even authorized to take an appeal unless his client has asked him to do so.
Not all convicted persons desire to appeal. Some of them realize that their acts were wrong and are willing to take their medicine when they get caught and convicted. Others take to quibbling and sniveling until they convince themselves that being deprived of a colored television set by prison authorities is a greater injustice than the murder or robbery they themselves have committed.
And, perhaps it’s no wonder they feel that way, considering all the encouragement they get from those who consider punishment worse than the crime.
It is incumbent upon those desiring an appeal to say so in a timely fashion. When that desire is timely made known, no state action will be permitted to frustrate the desire to appeal. Where a petition for belated appeal under Hollingshead fails to allege [to be supported by proof later] that the defendant timely made known his desire to appeal to a state functionary, that petition will be denied.
The petition in the case at bar is fatally defective in this regard and is accordingly denied.
BOYER, J., concurs.
McCORD, J., specially concurs.