PER CURIAM.
Gloria M. Haines, defendant below, seeks through her public defender counsel a “Hollingshead appeal”. The petition, in material part, alleges that “the Office of the Public Defender received from the Petitioner a letter requesting an appeal be taken on her behalf on the thirtieth day after the Petitioner’s judgment and sentence.” There is no allegation that the defendant had theretofore requested that an appeal be perfected. It appears therefore that defendant’s right to appeal has not been frustrated by State action but instead by her own inaction. (See Baggett v. Wainwright, Sup.Ct.Fla.1970, 229 So.2d 239 and Thompson v. Dilley, Sup.Ct.Fla. 1973, 275 So.2d 234). In Leggett v. Wainwright, Fla.App. (1st) 1974, 297 So.2d 605, opinion filed June 25, 1974, Case No. W-50, this Court said:
“It is incumbent upon those desiring an appeal to say so in a timely fashion. When that desire is timely made known, no state action will be permitted to frustrate the desire to appeal. Where a petition for belated appeal under Hollings-head fails to allege [to be supported by proof later] that the defendant timely made known his desire to appeal to a state functionary, that petition will be denied.
“The petition in the case at bar is fatally defective in this regard and is accordingly denied.”
It is not reasonable for the defendant to have waited until the thirtieth day to communicate a desire that an appeal be taken and then expect that the necessary prerequisites to the perfecting of an appeal be accomplished within the period prescribed by the rules. Accordingly the petition in the case at bar is fatally defective and is denied.
RAWLS, C. J., and BOYER and Mc-CORD, JJ., concur.