300 So.2d 301 (1974)
Ernest G. THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 73-342.
District Court of Appeal of Florida, Second District.
August 28, 1974.
Rehearing Denied September 30, 1974.
*302 James A. Gardner, Public Defender, Sarasota, and E. Earl Taylor, Jr., Asst. Public Defender, Bradenton, for appellant.
Ernest G. Thompson, pro se.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
This is an appeal from a conviction of second degree murder.
Appellant raises several points, but only two of them are worthy of comment. During the course of the trial, testimony was given concerning a statement previously made by a co-defendant which implicated the appellant in apparent violation of the principles established in Bruton v. United States, 1968, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476. We need not consider whether this error was waived by the failure to object or obviated by the co-defendant having taken the stand and thereby subjecting himself to cross-examination. See Nelson v. O'Neil, 1971, 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222. Appellant himself testified that he inflicted the mortal wound upon the decedent. In essence, he admitted everything that was encompassed within the co-defendant's statement. Appellant's contention was that the decedent had drawn a gun first and that appellant's actions were matters of self-defense. Hence, any Burton error which may have existed was rendered completely harmless. Adams v. State, Fla.App.2d 1974, 295 So.2d 114.
Appellant's other point of substance pertains to the fact that subsequent to the trial it was learned that one of the jurors was under pending prosecution in the County Judge's Court at the time he served on appellant's jury. This was first made known in a motion for new trial which was untimely filed. Several days following the denial of the motion for new trial, the Circuit Court minutes show the following:
"Judge Carlton questioned Mr. Lawhon as to why he failed to advise the Court, when he was examined on his Voir Dire, that a charge of Assault and Battery was pending against him in County Judge's Court.
"Mr. Lawhon advised the Court that he was hard of hearing and also that he believed that being charged with an offense, and not convicted, did not disqualify him as a Juror.
"The Court adjudged Mr. Lawhon in contempt and ordered him to pay a fine of $5.00."
The State correctly suggests that since the point was not timely raised by the motion for new trial, it can only be reached by way of post-conviction relief. In view of the tortuous path appellant's case has followed through our courts[1] and because the issue has been squarely presented in the record and in the briefs, *303 we will consider this point as having been raised by a motion under Rule 3.850, CrPR, and treat the question involved on this appeal.
Section 40.07(1) designates a number of persons who are not qualified to serve as jurors. Among those disqualified is a person who is under prosecution for any crime. However, the Supreme Court has held that jury service by a disqualified person does not necessarily result in an illegal verdict. In Leach v. State, Fla. 1961, 132 So.2d 329, three members of a jury which convicted the defendant were not registered voters of the county as required by Section 40.01, F.S.A. This fact was not known until after the conviction. The court held this made no difference, because the disqualification was not one affecting the ability of the jurors to render a fair and impartial verdict.
A case more nearly in point is Ex parte Sullivan, 1944, 155 Fla. 111, 19 So.2d 611. In that case, a judgment of death was attacked on the ground that one of the jurors was a deputy sheriff who was disqualified for jury duty under Section 40.07, F.S.A. The court rejected this contention on the premise that if one of the jurors was, in fact, a deputy sheriff, it was a matter of record available to the petitioner at the trial and should have been seasonably raised. The court observed that the convicted defendant did not allege that the juror in question was biased or prejudiced or that he did not receive a fair and impartial trial.
On the other hand, a new trial was awarded in Skiles v. Ryder Truck Lines, Inc., Fla.App.2d 1972, 267 So.2d 379, because a prospective juror concealed the fact that he had been a party to a lawsuit in which he was represented by a partner of one of the attorneys. In that case, the juror was not disqualified by statute, and the emphasis was on the effect of the misrepresentation to counsel on voir dire with respect to his right to exercise a challenge.
Since the law disqualifies only convicted felons for jury service, the state asks why should a person charged with a misdemeanor be disqualified until such time as he is convicted. This begs the question, because the purpose of disqualifying a person who has a pending prosecution is to avoid the possibility that that person might vote to convict in the hope of getting more favorable treatment from the prosecution in his own case. On the other hand, where, as in the instant case, the juror was charged with assault and battery and the appellant's conviction arose from the result of an affray, one might suspect that the juror would have had empathy with the appellant.
The question which must be determined is whether juror Lawhon was prejudiced against appellant at the time of his jury service by reason of being under prosecution in the County Judge's Court. In order to give the appellant the benefit of any doubt, if there is a reasonable possibility that this juror was prejudiced against him, he should have a new trial. The judge who tried this case is in a better position initially to answer this question than we are. We cannot tell from the record whether he specifically passed on this issue. The order denying the motion for new trial does not say, and the order could have been predicated solely upon the untimeliness of the motion.
Therefore, we remand this case with directions to the trial judge that he hold a hearing for this purpose. If he determines that there was a reasonable possibility that juror Lawhon was prejudiced against appellant because of the pending prosecution, he should enter an order granting a new trial. If he finds the absence of a reasonable possibility of prejudice, he should enter an order denying post-conviction relief.
The judgment is affirmed subject to the trial court's consideration of the issue raised under CrPR 3.850, for which purpose the cause is
Remanded with directions.
MANN, C.J., and McNULTY, J., concur.
NOTES
[1] See Thompson v. Dilley, Fla. 1973, 275 So.2d 234.