**Willie STEED, Petitioner,**

v.

**Richard L. DUGGER, Respondent.**

**No. 89–0066–CIV–EPS.**

United States District Court,
S.D. Florida.

Nov. 30, 1989.

Willie Steed, pro se.

Mark S. Dunn, Asst. Atty. Gen., Miami, Fla., for respondent.

## MEMORANDUM OPINION AND ORDER AFFIRMING UNITED STATES MAGISTRATE

SPELLMAN, District Judge.

THIS CAUSE is before the Court on the Report of the Honorable Charlene H. Sorrentino, Chief Magistrate of this Court. The Chief Magistrate had before her, by order of reference, Petitioner's Pro Se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254, attacking his judgments and sentences for robbery and false imprisonment after a jury trial, and for four judgments and sentences entered ten days thereafter on his pleas of nolo contendere to said charges.

The Petitioner duly filed his objection to said Report and this Court has done an independent de novo review of said file.

The Report of the Chief Magistrate of this Court thoroughly and succinctly sets forth the law of the Eleventh Circuit Court of Appeals, but most importantly gives a thorough analysis of the responsibility of United States District Judges in reviewing findings of fact of a state trial judge who has conducted a thorough and complete evidentiary hearing on matters raised post-trial under Rule 3.850 of the Florida Rules of Criminal Procedure.

The Report reiterates a principle of law that is many times overlooked by the public, but more importantly by state trial judges, of the primary importance of findings of fact being made by the trier of the fact in state court in post-conviction proceedings, and the presumption of correctness that attaches to such findings of fact. A United States District Judge is mandated to presume that factual determinations made on the merits in which the Petitioner and the State were parties, are correct in the absence of certain enumerated conditions, or where such fact finding is not fairly supported by the record. Thereafter, based on those facts, a federal court must make an independent determination as to whether or not a constitutional violation occurred.

In view of the completeness of the Chief Magistrate's Report, as indicated above, this Court does hereby make the same an appendix to this Opinion and adopts in full her reasoning and legal analysis, and commends the same to state trial judges for their future determinations.

Based on the above and foregoing, after a de novo independent review of the file, it is

ORDERED AND ADJUDGED that the Chief Magistrate's Report be, and the same is hereby affirmed, and the Petition be, and the same is hereby dismissed.

Based on a further review and analysis, it is this Court's opinion that a certificate of probable cause to seek review of this Court's decision be and the same is hereby denied. Any appellate review sought by the Petitioner may continue to be in forma pauperis.

## REPORT OF UNITED STATES MAGISTRATE

CHARLENE H. SORRENTINO, United States Chief Magistrate.

Willie Steed, a state prisoner confined at Glades Correctional Institution, has filed a

*pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his judgments and sentences for robbery and false imprisonment, entered on June 13, 1986, after jury trial in Case No. 86–2616A, in the Eleventh Judicial Circuit, Dade County, Florida. Steed also attacks his judgments and sentences for improper display of a firearm, unlawful possession of a firearm while engaged in a criminal offense, unlawful possession of a firearm by a convicted felon, resisting arrest without violence, robbery, burglary, grand theft and kidnapping, entered on June 23, 1986, upon pleas of nolo contendere, in Case Nos. 86–214–A, 86–2713–B, 86–2715, and 86–2716, in the Circuit Court of the Eleventh Judicial Circuit, Dade County, Florida.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of this petition, the Court has the response of the state to an order to show cause, the response to a supplemental order to show cause, a supplemental response, and multiple exhibits. The petitioner has filed a reply to the supplemental response.

Steed raises the following claims in this petition:

1. The petitioner was unlawfully induced to enter nolo contendere pleas in Case Nos. 86–214–A, 86–2713–B, 86–2715, and 86–2716.

2. The trial court erroneously admitted into evidence a confession which was induced by police coercion, in Case No. 86–2616A.

3. The petitioner was denied the right of a direct appeal of his convictions after jury trial in Case No. 86–2616A.

■ Issues raised in a federal habeas corpus petition must have been fairly presented to the state courts and thereby exhausted. *Anderson v. Harless,* 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Hutchins v. Wainwright,* 715 F.2d 512 (11th Cir.1983).

In Case No. 86–2616A, the petitioner, after jury trial, was found guilty of robbery without a firearm and false imprisonment. He was sentenced to a fifteen year term of imprisonment on the robbery count and five years on the false imprisonment count, these sentences to run concurrently with the sentences received, upon pleas of nolo contendere in Case Nos. 86–2713, 86–2715 and 86–2716.

On November 3, 1986, Steed filed a *pro se* motion for post-conviction relief pursuant to *Fla.R.Crim.P.* 3.850 attacking all five of his convictions. The original *pro se* motion to vacate raised the following four claims:

1. The pleas of nolo contendere were unlawfully induced and involuntary.

2. The confession was coerced.

3. Counsel was ineffective because he "made it perfectly clear" that he did not want to represent Steed.

4. Counsel did not appeal in any of Steed's cases.

Steed requested the appointment of counsel in the Rule 3.850 proceeding, and counsel was appointed. On March 2, 1987, counsel filed an Amended Motion for Post Conviction Relief claiming (1) that the pleas of nolo contendere were unlawfully induced and involuntary; and (2) that Steed received ineffective assistance of counsel, rendering his pleas of nolo contendere involuntary. The trial court held an evidentiary hearing and, on June 26, 1987, entered detailed findings and conclusions, upon the two issues raised in the amended state motion to vacate, which both relate to the first issue of this federal petition.

The Public Defender of the Eleventh Judicial Circuit of Florida was appointed to represent Steed on appeal of the denial of his Rule 3.850 motion. On December 7, 1987, counsel filed a "Statement of Judicial Acts to be Reviewed and Designation to the Court Reporter," which listed all five circuit court case numbers, stating that the act to be appealed was the denial of the Rule 3.850 motion and the necessary record was the transcript of the June 26, 1987 hearing.

Prior to the filing of that statement and designation, counsel filed a state petition for writ of habeas corpus seeking a belated appeal. That petition stated, in part, the following:

4. The petitioner has at all times desired to appeal from his convictions and sentences. *[Leggett] v. Wainwright*, 297 So.2d 604 [605] (Fla. 1st DCA 1974).

5. The basis of the instant Petition for Writ of Habeas Corpus is that, through State action, petitioner was deprived of, or inadequately afforded, the assistance of counsel for the purpose of *directly appealing* his conviction and sentence and that he was deprived of his right to appeal.

6. The decision of the Supreme Court of Florida in *State v. Meyer*, 430 So.[2d] 440 (Fla.1983), recognizes that a petition for writ of habeas corpus to the district court of appeal empowered to hear the *direct appeal* as the proper vehicle by which to assert a claim of ineffective assistance of counsel and the petitioner's ultimate right to *belated direct appellate review....* (emphasis added). (Response/Ex. B–1).

On November 25, 1987, the Third District Court of Appeal, Case No. 87–2799, entered an order stating that it had considered the petition for writ of habeas corpus and determined that the petition should be treated as a frustrated appeal pursuant to *Baggett v. Wainwright*, 229 So.2d 239 (1969). The order referred to Circuit Court Case Nos. 86–214, 86–2713, 2715, 2716, 2616. (Appendix to Supplemental Response).

Counsel subsequently filed a Memorandum Brief, Appellate Case No. 87–2799, which indicated that an arguable ground for reversal was the trial court's denial of the Rule 3.850 motion. He also filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging that there was no basis for the appeal, and that the appeal lacked merit and was wholly frivolous. On July 28, 1988, the appellate court entered an order which deferred ruling on the motion to withdraw and required that a copy of the memorandum brief be furnished to Steed. The order further provided that Steed had thirty days in which to file a statement of any points he wished to submit as grounds in support of the appeal.

Pursuant to the appellate court's order, Steed filed his "Statement of Points," alleging that: (1) his pleas were unlawfully induced and involuntary; (2) he received ineffective assistance of counsel, rendering his pleas of nolo contendere involuntary; (3) the trial court erroneously admitted into evidence a confession which was induced by police coercion, in Case No. 86–2616A; and (4) he never received a direct appeal. (Supplemental Reply to Supplemental Response). These are the claims raised in this federal petition.

On September 6, 1988, the Third District Court of Appeal, having followed the procedures specified by the Supreme Court in *Anders v. California, supra,* and having considered Steed's statement of points, ruled that the appeal was wholly frivolous. Counsel's earlier motion to withdraw was therefore granted. (Appendix to Supplemental Response). Also on September 6, 1988, the Court entered a *per curiam* affirmance, without opinion. *Berhane v. State*, 531 So.2d 719 (Fla. 3d DCA 1988).

All of the grounds raised in this petition have therefore been fairly presented in state courts either by way of a belated direct appeal or by the *Fla.R.Crim.P.* 3.850 motion, the denial of which was appealed. The claims are exhausted.

As his first ground, the petitioner contends that his nolo contendere pleas were unlawfully induced by inaccurate advice rendered by his court appointed lawyer. Steed claims that his lawyer advised him to enter nolo contendere pleas in several pending cases in order to induce the state to agree to withdraw its Motion to Enhance Sentence in the case in which he had been found guilty by a jury. The petitioner asserts that he believed that in thirty days he would be permitted to withdraw his pleas in the pending cases and proceed to trial, while his sentence in the tried case would then be final and not subject to enhancement.

On June 23, 1986, Steed appeared before the trial court to change his previously entered pleas of not guilty to no contest. He was charged in four separate cases, with the guidelines indicating life imprisonment. After a lengthy plea colloquy, the court accepted Steed's no contest pleas to all charges, and he was sentenced to sixty years in prison on the life felonies and fifteen years on the burglary, all sentences to run concurrently.

The petitioner raised this claim in his Rule 3.850 motion. The trial court conducted an evidentiary hearing and made the following specific findings of fact in his order denying the motion:

1. That the defendant and his witnesses are not credible.

2. That Carl Masztal, the Defendant's prior counsel, is extremely credible.

3. That the Defendant was convicted by a jury before Judge MacKenzie on an unrelated robbery case. [Case No. 86–2616–A].

4. That the Defendant learned of the Assistant State Attorney's intention to seek an enhanced sentence pursuant to *Fla.Stat.* § 775.084 for his robbery conviction.

5. That the Defendant knew he was facing possible multiple life sentences in his remaining cases (86–2616, 86–2713B, 86–2715) before this court.

6. That the Defendant feared a further trial and sought a continuance. This continuance was denied by this court. A jury panel was summoned and jury selection was imminent.

7. That the Defendant, of his own volition, spoke to the Assistant State Attorney about a plea.

8. That prior to the Defendant speaking to the Assistant State Attorney, the State had offered no plea to the Defendant's counsel, Mr. Carl Masztal.

9. That the Assistant State Attorney, with defense counsel present, offered the Defendant 80 years to run concurrent on all cases.

10. That the Defendant personally counter-offered to the Assistant State Attorney a plea of 60 years concurrent on all cases.

11. That the State accepted the Defendant's 60 year plea offer. This plea was bargained for by the Defendant and the Assistant State Attorney. Defendant's counsel was present and counseled against the Defendant's plea. The Defense Attorney, Mr. Carl Masztal, advised his client to go to trial, but, the Defendant wanted a definite term of years rather than face the possibility of a life sentence.

The State Attorney, at the Plea, made concessions of reduction of charges and nolle prosequi of counts, in the bargained for plea (transcript pages 3, 5 & 17). Further, the Defendant was to receive a concurrent sentence from Judge McKenzie (transcript pages 6, 7, & 18).

12. That during the plea colloquy, the Court explained and restated the plea bargain (transcript at page 17–18); explained the ramifications of pleading nolo contendere (transcript at pages 11–14); the Defendant stated in open court he understood the plea of nolo contendere (transcript at page 15); and, that the Defendant knowingly and voluntarily entered a plea of nolo contendere (transcript at page 15).

(R/47–48).

■ When a state court of competent jurisdiction has made a factual determination on the merits in a proceeding in which the applicant for the writ and the state were parties, a federal court considering a habeas corpus petition must presume that the factual determination is correct in the absence of one of the seven conditions enumerated in 28 U.S.C. § 2254(d)(1–7), or unless the court concludes that the factual determination was not fairly supported by the records. The federal court must, however, make an independent legal determination of whether, in view of such facts, a Constitutional violation occurred. *Glidewell v. Burden*, 822 F.2d 1027 (11th Cir. 1987).

■ In its findings the trial court cited to the transcript of the plea proceedings,

which clearly supports its conclusion that the petitioner understood the pleas of nolo contendere, along with their ramifications, and that he knowingly and voluntarily entered these pleas. (R/48). Moreover, Steed testified during the plea colloquy that he was satisfied with his attorney and that his attorney had explained everything to him. (T/57–58). The denial of the motion for post-conviction relief was affirmed on appeal by the Third District Court of Appeal. *Berhane v. State*, 531 So.2d 719 (Fla. 3d DCA 1988).

The written findings of fact rendered by the trial court are entitled to the presumption of correctness provided by 28 U.S.C. § 2254(d), and have not been rebutted by the petitioner. After independent consideration of the applicable constitutional principles, it is apparent that the Court correctly applied the law to the facts; therefore, the petitioner's claim that his pleas were involuntary has no merit.

■ As his second claim, Steed argues that his confession was coerced because his wrists and ankle were tightly restrained in handcuffs during his interrogation. The record directly refutes this contention.

In Case No. 86–2616A, the case that proceeded to trial, the petitioner filed a motion to suppress his confession, and the trial court heard testimony on the subject of the voluntariness of the confession. The transcript reveals that Officer Iglesias, Detective Noon, Detective Foote, and the petitioner were called as witnesses. All three state witnesses testified that when the petitioner was being transported on foot from the Dade County Jail to the place of interrogation across the street, he was handcuffed. However, once arriving at the interrogation room, the handcuffs were immediately removed. (T/10, 26, 39, 48). Moreover, the petitioner did not appear to be in any pain during the interrogation. (T/12).

The petitioner was advised of his constitutional rights, and he indicated that he understood those rights. (T/11, 40, 43, 44, 52). Steed then proceeded to sign a written waiver of the rights and confessed to the crimes charged. (T/12–17, 39, 45, 64) (R/95).

Steed testified, on the other hand, that during the interrogation he was seated in a chair with one handcuff on his leg and handcuffs tightly binding his wrists. (T/59). According to the Petitioner, he was willing to confess to anything in order to have the handcuffs removed, because he was in severe pain. (T/60, 65).

The trial court, after hearing the testimony of the witnesses and reviewing the tape recording of the petitioner's statement, found that the testimony of Detectives Noon and Foote and Officer Iglesias was credible, and the testimony of the petitioner was not. Accordingly, the motion to suppress was denied, and the petitioner's confession was admitted into evidence during the trial. (R/31; 88).

These written findings of fact made by the trial court are entitled to the presumption of correctness provided by 28 U.S.C. § 2254(d), and after independent consideration of the applicable constitutional principles, it is apparent that the Court correctly applied the law to the facts.

As his final claim, Steed argues that he was denied a direct appeal of his convictions after jury trial in Case No. 86–2616A. As indicated by the lengthy procedural history set forth above, this claim is wholly without merit, because Steed did in fact receive a belated direct appeal.

Steed's court appointed counsel filed a petition for writ of habeas corpus in the Third District Court of Appeal, seeking a belated direct appeal. The Court granted the relief sought and determined that the petition should be treated as a frustrated appeal. The circuit court case numbers for all five convictions referred to in this federal petition were reflected on the appellate court's order. At the same time, counsel sought review by way of appeal from the denial of the Rule 3.850 motion. Counsel filed a Memorandum Brief indicating that an arguable ground for reversal was the trial court's denial of the Rule 3.850 motion. He believed, however, that the appeal was without merit and wholly frivolous and, therefore, filed a motion to with-

draw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Counsel was permitted to withdraw, but not before Steed was furnished with a copy of the memorandum brief and permitted to file a statement of any points he chose to submit as grounds in support of the appeal. Steed did file a Statement of Points, alleging the issues raised in this federal petition.

It is important to note that in his Statement of Points Steed specifically alleged that the trial court erred in Case No. 86–2616A, the case that proceeded to trial, when it admitted into evidence a confession which was induced by police coercion. Steed asked the appellate court to review the transcripts in Case No. 86–2616A in order to arrive at its decision. This was the only issue raised relating to the convictions entered after jury trial, and this is an issue that is properly raised by direct appeal. Thus, the appellate court was required to review the record of the original convictions to render its decision.

Although the appellate court rendered only one decision, it is apparent from the record of the appellate proceedings that the court consolidated the belated direct appeal with the appeal of the denial of the Rule 3.850 motion. All orders entered by the Court, and the final *per curiam* affirmance, reflect the same appellate court case number, 87–2799. *Berhane v. State,* 531 So.2d 719 (Fla. 3 DCA 1988). Steed thus had his direct appeal.

No showing having been made that Willie Steed is in custody in violation of the Constitution or laws of the United States, it is the recommendation of the Magistrate that this petition for writ of habeas corpus be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: September 11, 1989